**SO ORDERED.**

**SIGNED this 19 day of October, 2007.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

**IN RE:**                                                                                        **CASE NO.**

**ROBERT THOMAS DICKERSON, JR.**                               **04-03505-8-RDD**
**LINDA KORNEGAY DICKERSON**

       **DEBTORS**

**ORDER REGARDING MOTION FOR RELIEF FROM STAY**

The matter before the court is the motion of Vincente and Oralia Rangel for relief from the automatic stay to pursue a state court action against the debtors. A hearing was held in Wilson, North Carolina on September 12, 2007. For the reasons set forth below, movants' request is allowed in part and denied in part.

In April 2003, the debtors conveyed real property to the movants by general warranty deed in exchange for $16,500.00. In December 2006, the movants received notification from The Little Bank ("the bank") that the property was security for a note granted to the bank and that the debtors were in default on the note. The movants notified the debtors of the deed of trust on the property and requested its removal. The movants received no response from the debtors, and in February 2007, the movants received notice that foreclosure proceedings were to begin. Foreclosure

proceedings were commenced and the property was sold at a foreclosure sale. Thereafter, the movants commenced a state court action for breach of warranty against encumbrances, breach of the covenant of quiet enjoyment, breach of warranty of title, and fraud against the debtors in Wayne County Superior Court.

The debtors filed a petition for relief pursuant to chapter 13 of the Bankruptcy Code on May 3, 2004. At that time, they did not list the movants as creditors. The movants filed an action in Wayne County Superior Court on May 23, 2007. On July 5, 2007, the debtors filed an amended Schedule F with the court, listing the movants as creditors for "any and all claims arising out of sale of real property" in an unknown amount. The movants object to the allowance of the amended schedule and seek relief from the stay to proceed with their state court action.

The issue in this case is whether the movants' claim accrued prepetition or postpetition. If the claim is prepetition, the debtors may amend their Schedule F to include the movants as creditors at this time. If the claim is postpetition, the movants may not be included on Schedule F and they do not need relief from the automatic stay in order to pursue their claim in state court.

"The validity and legality of claims generally is determined by applicable nonbankruptcy law." 4-502 Collier on Bankruptcy 15th Edition Rev. § 502.03. Therefore, the validity and legality of this claim shall be determined by North Carolina law.

The movants' first claim is for breach of warranty against encumbrances. "[F]or purposes of the statute of limitations, the cause of action for breach of the covenant against encumbrances, . . ., begins to run from the time of the delivery of the deed." Webster's Real Estate Law in North Carolina § 11-9. Since the delivery of the deed from the debtors to the movants occurred prior to the filing of the petition, the movants' claim for breach of warranty against encumbrances arose

prepetition. The statute of limitations "[u]pon a sealed instrument or an instrument of conveyance of an interest in real property, against the principal thereto" is ten years pursuant to N.C. Gen. Stat. § 1-47(2). Therefore, the movants would still have a valid pre-petition claim in the debtors' bankruptcy case.

The movants' next two claims are for breach of the covenant of quiet enjoyment and breach of the warranty of title. "The covenant of warranty and the covenant of quiet enjoyment are not strictly personal, like the covenant of seisin, which is broken when the deed is delivered if the title is defective; but they are prospective in their operation, and an ouster or eviction is necessary to constitute a breach." Wiggins v. Pender, 132 N.C. 628, 44 S.E. 362, 365 (1903). Likewise, "It is the law in this State that a cause of action for breach of warranty of title to real estate does not arise until there has been an ouster or eviction of the grantee or grantees under superior title." Shimer v. Traub, 244 N.C. 466, 467, 94 S.E.2d 363, 364 (1956) (citations omitted). In this case, the movants were not ousted or evicted until the conclusion of the foreclosure proceeding and delivery of a Trustee's deed in early 2007. Therefore, their causes of action for breach of the covenant of quiet enjoyment and breach of the warranty of title did not accrue until that time pursuant to North Carolina law. The debtors filed their bankruptcy petition nearly three years prior to the accrual of the cause of action. Therefore, the movants' claim for breach of warranty of title and breach of the covenant of quiet enjoyment arose postpetition.

The movants' final cause of action is for fraud. North Carolina Gen. Stat. § 1-52(9) establishes the statute of limitations for fraud at three years. However, it also states that "the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." In Forbis v. Neal, 361 N.C. 519, 649 S.E.2d 382, 386 (2007), the

North Carolina Supreme Court held that "For purposes of N.C. Gen. Stat. § 1-52(9), 'discovery' means either actual discovery or when the fraud should have been discovered in the exercise of 'reasonable diligence under the circumstances.'" (Citation omitted).  As previously discussed, the movants did not actually discover the facts constituting the alleged fraud in this matter until the commencement of the foreclosure proceedings by the bank, which was nearly three years after the filing of the debtors' petition.  Therefore, the issue becomes whether the movants should have discovered the alleged fraud prior to that time.

> And it is the accepted rule that [k]nowledge by the defrauded person of facts which in the exercise of proper diligence would enable him to learn of the fraud ordinarily is equivalent to discovery of the fraud. . . . A party having notice must exercise ordinary care to ascertain the facts, and if he fails to investigate when put upon inquiry, he is chargeable with all the knowledge he would have acquired had he made the necessary effort to learn the truth of the matters affecting his interests.  In this respect the law regards the means of knowledge as knowledge itself.

Vail v. Vail, 233 N.C. 109, 116, 63 S.E.2d 202, 207 (1951) (internal quotations and citations omitted).

In real estate transactions, purchasers are generally provided with a means of knowledge with respect to the property purchased through the use of a title examination.

> It is generally held that fraud may be predicated on false representations or concealments, although the truth could have been ascertained by an examination of public records.  As otherwise expressed, the general rule is that the mere fact that public records, if examined would show the representee that representations of fact are false does not preclude his establishing fraud, because he is under no duty to make such examination.

Fox v. Southern Appliances, Inc., 264 N.C. 267, 271, 141 S.E.2d 522, 525-526 (1965).  (internal quotations and citations omitted).  Therefore, in this case, the debtors were under no duty to conduct a title examination.  However, ". . . it is for the jury to determine whether the purchaser's reliance was reasonable if he could have discovered the representation to be false through a diligent

4

titlesearch." Leake v. Sunbelt Limited of Raleigh, 93 N.C. App. 199, 204, 377 S.E.2d 285, 288 (1989). Because the issues of reasonable reliance and when the alleged fraud should have been reasonably discovered are inextricably intertwined, the court is not capable of making a determination regarding the accrual of this cause of action with the evidence before it. That issue must be determined by a finder of fact. If the finder of fact determines that the movants should have performed a title examination prior to the conveyance, discovered the deed of trust at that time, and therefore could not have reasonably relied upon the representations of the debtors in the deed of conveyance, then the cause of action for fraud would have accrued at the time of the conveyance. If the finder of fact determines that the movants did reasonably rely upon the representations of the debtors in the deed of conveyance without conducting a title search prior to the conveyance, then the cause of action for fraud would have accrued at the time the debtors were notified of the existence of the deed of trust by The Little Bank. This provides the movants with two options. First, the movants may decide to continue to pursue their cause of action for fraud in the pending state court action, allowing a jury to determine the issues regarding reasonable reliance and accrual of the action.[1] Second, the movants may decide to file a proof of claim with regard to the fraud action and have this court make a determination regarding reasonable reliance and accrual of the action on an objection to claim after further evidence is presented.

      11 U.S.C. § 101(10)(A) provides that the term "creditor" means "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor."

---

[1] Should the state court determine these issues, the movants may face time constraints prohibiting inclusion in the chapter 13 distribution, if the state court determines the fraud claim arose prior to May 3, 2004. The debtors plan provides for payments of $550.00 for 57 months. As of this date, only 16 months remain for completion of the presently confirmed plan.

Since the movants' claim for breach of warranty against encumbrances arose prepetition, the movants are a creditor with respect to that claim, and the automatic stay bars the prosecution of this claim in state court. The movants shall have thirty days from the date of the entry of this order to file a proof of claim with regard to this cause of action.

Since the claims for breach of the covenant of quiet enjoyment and breach of the warranty of title did not arise at the time of or before the order for relief entered on May 3, 2004, the movants are not creditors for purposes of this bankruptcy with respect to those claims. The automatic stay does not stay claims which arose after the filing of the petition. As to the claims for breach of warranty of title and breach of the covenant of quiet enjoyment, the movants may prosecute these claims in the state civil action No. 07 CVS 1266 pending in the Office of the Clerk of Superior Court of Wayne County, North Carolina.

With respect to the claim for fraud, the movants may determine which option they wish to pursue. Should the movants decide to file a proof of claim in this action, they shall have thirty days from the date of the entry of this order to file a proof of claim. Should the movants decide to continue to pursue the fraud action in state court, the automatic stay shall be lifted as to that action, and the movants may prosecute this claim in the state civil action No. 07 CVS 1266 pending in the Office of the Clerk of Superior Court of Wayne County, North Carolina.

**SO ORDERED**.

**END OF DOCUMENT**